18-3670
*In Re: Bridge Associates*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand nineteen.

PRESENT:
JOHN M. WALKER, JR.,
PIERRE N. LEVAL,
SUSAN L. CARNEY,
*Circuit Judges.*

———————————————————————————————

IN RE: BRIDGE ASSOCIATES OF SOHO, INC.,

    *Debtor.*

*********************************************

BRIDGE ASSOCIATES OF SOHO, INC.,

    *Debtor-Appellant,*

      v.                                         No. 18-3670

NYCTL 1998-2/MTAG, NYCTL 2016-A TRUST,
NYCL 2017-A TRUST,
NEW YORK CITY LOFT BOARD, STEVE
GREENBERG, TRICIA NASH, JOSEPH HASKE,
SUSAN BROWN, RYDER HASKE, ALEXIA BRUE,
ETHAN KLEMPERER, MABLEN JONES,

DAVID LAWRENCE, ANNE LAWRENCE, ELLEN
COLON-LUGO, JANET BURGAN,
JAMES NOLL, MARTIN SHERIDAN, EDWARD
MASLER, CONRAD VOGEL,

　　　　*Appellees.*

─────────────────────────────────────

FOR DEBTOR-APPELLANT:　　　　PETER KAMRAN (Roy J. Lester, *on the brief*), Lester & Associates, P.C., Garden City, NY.

FOR APPELLEES:　　　　BRUCE WIENER (Slava Hazin, *on the brief*), Warshaw Burstein, LLP, New York, NY (*for* Steve Greenberg, Tricia Nash, Joseph Haske, Susan Brown, Ryder Haske, Alexia Brue, Ethan Klemperer, Mablen Jones, David Lawrence, Anne Lawrence, Ellen Colon-Lugo, Janet Burgan, James Noll, Martin Sheridan, Edward Masler, and Conrad Vogel).

　　　　DIANA LAWLESS (Aaron M. Bloom, Richard Dearing, *on the brief*), Corporation Counsel of the City of New York, New York, NY (*for* New York City Loft Board, NYCTL 1982-2/MTAG, NYCTL 2016 A-Trust).

Appeal from a judgment of the Bankruptcy Court for the Eastern District of New York (Grossman, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 2, 2018, is **AFFIRMED**.

Bridge Associates of Soho, Inc. ("Bridge" or "the Firm") appeals from a decision entered on July 2, 2018, in the Bankruptcy Court for the Eastern District of New York (Grossman, *J.*). The Bankruptcy Court found that Tenant-Appellees who reside on property owned by Bridge have possessory rights under the New York Loft Law, N.Y. Mult. Dwell. Law ("MDL") §§ 280-287 ("Loft Law"), and ruled that Bridge could not sell the property

2

"free and clear" of those possessory rights as a part of its bankruptcy proceedings, *see* 11 U.S.C. § 363(f). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the Bankruptcy Court's judgment.

Bridge holds title to a building (the "Property") located in Manhattan's Soho neighborhood. Neither party disputes that, since Bridge purchased the Property in 2002, the Firm has not complied with the Loft Law. Bridge has not obtained a certificate of occupancy for the Property, *see* N.Y. MDL § 301(1), and thus may not collect rent, *id.* § 302(1)(b), unless it establishes compliance with its obligations as the owner of an "interim multiple dwelling" under the Loft Law, *id.* § 285(1), which it cannot do. In February 2018, Bridge filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. In May 2018, Bridge moved under 11 U.S.C. §§ 363(b) and (f) for leave to sell the Property "free and clear" of all liens, claims, encumbrances, and interests, including rights of occupancy vested in Tenant-Appellees. Several parties, including Tenant-Appellees and the New York City Loft Board ("Board"), opposed. Tenant-Appellees argued that Bridge cannot sell the Property "free and clear" of their occupancy rights. The New York City Loft Board argued that Bridge may not use the Bankruptcy Code to relieve the Firm of its obligation to bring the Property into compliance with otherwise valid and controlling statutory regulations.

On July 2, 2018, the Bankruptcy Court ruled that the Loft Law afforded possessory rights to Tenant-Appellees, and therefore the Property could not be sold "free and clear" under 11 USC § 363(f)(1) and (4). Bridge successfully petitioned under 28 U.S.C. § 158(d)(2) for leave to appeal the Bankruptcy Court's decision.

This Court reviews *de novo* the legal conclusions relied on in a bankruptcy court's orders. *See In re Barnet*, 737 F.3d 238, 246 (2d Cir. 2013). For substantially the same reasons as set forth in its opinion, we agree with the Bankruptcy Court that New York law gives Tenant-Appellees a possessory interest in the Property that is unchanged by the pending Bankruptcy proceedings. Section 286(2)(i) provides in relevant part:

> Prior to compliance with safety and fire protection standards of article seven-B of this chapter, residential occupants qualified for

protection pursuant to this article shall be entitled to continued occupancy *provided that the unit is their primary residence, and shall pay the same rent, including escalations,* specified in their lease or rental agreement to the extent to which such lease or rental agreement remains in effect or, in the absence of a lease or other rental agreement in effect, rent adjustments prior to article seven-B compliance shall be in conformity with guidelines to be set by the loft board for such residential occupants within six months from the effective date of this article.

N.Y. MDL § 286(2)(i) (emphasis added). Tenant-Appellees argue that section 286(2)(i) conditions their occupancy rights only upon the requirement that the units that they occupy be their "primary residence." Bridge, in contrast, takes the position that any occupancy rights conferred by section 286(2)(i) are conditioned upon the tenants' satisfaction of both the primary residence requirement *and* upon Tenant-Appellees' payment of rent. While acknowledging that it is barred from "collecting" rent, Bridge argues that it may nonetheless receive rent voluntarily paid, and that Tenant-Appellees' right to continued occupancy depends on their paying rent. We agree with the Bankruptcy Court that its rejection of Bridge's argument is consistent with the text, the statutory scheme, and the purpose of the Loft Law, which seeks to protect the welfare, health, and safety of tenants while property owners bring a covered property into compliance with governing statutory, regulatory, and code requirements for residential occupancy. *See* N.Y. MDL § 280.

The New York Court of Appeals' decision in *Chazon LLC v. Maugenest*, 19 N.Y.3d 410 (2012), confirms this construction of section 286(2)(i). In *Chazon*, the Court of Appeals concluded that tenants under the Loft Law could not be evicted for non-payment of rent where the owner did not comply with the Loft Law and had not followed the Loft Law's procedure, having neglected to obtain an extension of time to bring its property into compliance. It explained: "Multiple Dwelling Law § 302(1)(b) bars not only an action to recover rent, but also an 'action or special proceeding . . . for possession of said premises for nonpayment of such rent.'" *Id.* at 416. As the Bankruptcy Court found, and we agree, *Chazon* "negates [Bridge's] argument that the [Tenant-Appellees'] occupancy rights are conditioned upon the payment of rent, and supports the [Tenant-Appellees'] position that [Bridge] is not entitled to collect rent or recover possession for nonpayment thereof unless

4

the owner is in compliance with the Loft Law." *In re Bridge Assocs. of Soho, Inc.*, 589 B.R. at 516.

* * *

We have considered Bridge's remaining arguments on appeal and conclude that they are without merit. For the reasons set forth above, the Bankruptcy Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court